UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES CURVEY | * | CIVIL ACTION |
| versus | * | NO. 17-0078 |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | * | SECTION "F" |

ORDER

Before the Court is the plaintiff's objection to Magistrate Judge Roby's February 14, 2018 Report and Recommendations that the Court affirm the Administrative Law Judge's decision denying the plaintiff's disability insurance benefits and supplemental social security income benefits. For the reasons that follow, this matter shall be remanded to the Social Security Administration for further proceedings.

The plaintiff presents one objection to the magistrate judge's Report & Recommendations: the Administrative Law Judge's failure to consider whether the plaintiff meets the criteria for Listing 5.08 was not merely harmless error because the record supports a finding that he is indeed disabled within the meaning of this listing. The relevant portion of Listing 5.08 states:

1

> Weight loss due to any digestive disorder despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period.

20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). It is undisputed that the ALJ failed to evaluate whether the plaintiff meets Listing 5.08 at Step 3 of the disability analysis, notwithstanding the fact that the plaintiff presented this argument to the ALJ. It is likewise undisputed that the plaintiff meets certain aspects of Listing 5.08 insofar as he experienced weight loss despite continuing treatment as prescribed, with body mass index of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive six month period. The only dispute, then, is whether there is substantial evidence in the record to support the plaintiff's contention that his weight loss was "due to any digestive disorder." Because the record indicates that: (i) the plaintiff suffered from digestive ailments, some so serious as to require surgery; (ii) there is nothing in the record to indicate that the plaintiff's weight loss was voluntary or due to lack of appetite; and (iii) the parties do not dispute that the plaintiff meets all of the criteria for Listing 5.08, disputing only whether his consistently low BMI is "due to any digestive disorder," the plaintiff has demonstrated that record evidence suggests that he may meet his burden to show that he is disabled

2

if the ALJ considers the evidence in the context of Listing 5.08; under these circumstances, the ALJ's failure to specifically consider this listed impairment was not merely harmless error.[1]

Accordingly, IT IS ORDERED: that the Social Security Administration's adverse decision is hereby REVERSED and this matter is REMANDED, under the fourth sentence of 42 U.S.C. § 405(g), to the Acting Commissioner of Social Security for the purposes of conducting further proceedings; specifically, additional administrative proceedings shall be conducted to determine whether the record supports a finding that the plaintiff meets Listing 5.08.

New Orleans, Louisiana, March 26, 2018

```
_____
      MARTIN L. C. FELDMAN
    UNITED STATES DISTRICT JUDGE
```

---

[1] Absent a meaningful discussion by the ALJ concerning whether the plaintiff meets the criteria for Listing 5.08, the Court cannot determine if the adverse Step 3 finding is supported by substantial evidence. The Court is mindful that judicial review is limited in scope and highly deferential; the Court does not purport to direct a particular outcome upon remand. The Commissioner has the prerogative to weigh evidence and resolve conflicts in considering whether the plaintiff meets all of the criteria for Listing 5.08.