UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES CURVEY | * | CIVIL ACTION |
| versus | * | NO. 17-0078 |
| NANCY A. BERRY HILL,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY ADMINISTRATION | * | SECTION "F" |

ORDER AND REASONS

Before the Court is the plaintiff's motion for attorney's fees and costs. For the reasons that follow, the motion is GRANTED in part and DENIED in part without prejudice.

**Background**

On March 26, 2018, the Court reversed the adverse benefits decision and remanded the case to the Social Security Administration for further proceedings under sentence four of 42 U.S.C. § 405(g).[1] The plaintiff now moves for attorney's fees and costs pursuant to the Equal Access to Justice Act.

---

[1] The Court determined that remand was appropriate after considering the plaintiff's objections to the Magistrate Judge's report and recommendations that the Court affirm the Administrative Law Judge's decision denying the plaintiff's disability insurance benefits and supplemental social security income benefits.

1

I.

A.

The plaintiff submits that he is entitled to recover attorney's fees pursuant to the Equal Access to Justice Act; he seeks $4,670.75 in attorney's fees (23.8 hours of work at an hourly rate of $196.25). He also seeks to recover the $400.00 filing fee. The defendant does not dispute that obtaining a remand under sentence four renders the plaintiff a "prevailing party" entitled to fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. The defendant agrees to the number of hours requested by the plaintiff, but opposes the requested hourly rate, arguing that this Court typically finds an hourly rate of $175.00 "reasonable in the New Orleans legal market." If the Court awards EAJA fees based on the rate of $175.00 per hour, the total EAJA fee would be $4,165.00. The defendant also notes that the $400 filing fee is an award of costs under 28 U.S.C. § 1920, that the fees the plaintiff requests are compensable costs, and that the award under § 1920 must be certified by the Office of the United States Attorney to the Department of Treasury for payment, and such an award is separate from an award of attorney's fees under EAJA.

B.

The Equal Access to Justice Act provides that the Court:

> shall award to a prevailing party [in a civil action brought against the United States] fees and other expenses, in addition to any costs awarded pursuant to subsection (a)...including proceedings for judicial review of agency action...unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Here, the plaintiff submits, and the defendant does not dispute, that he was the prevailing party in his claim for a period of disability/disability insurance benefits and supplemental social security income, and that the position of the United States was not substantially justified. The Court agrees; the only issue is quantum. And the only dispute as to quantum is which hourly rate should apply.

II.

Counsel for the plaintiff requests an adjusted fee of $196.25 per hour for the 23.8 hours attorneys spent working on this matter; a total of $4,670 in attorney's fees. The plaintiff argues that the EAJA rate should be $196.25 to reflect the cost-of-living increases.[2]

---

[2] 28 U.S.C. § 2412(d) allows for cost-of-living adjustment, but it does not "absolutely require" it. <u>Baker v. Bowen</u>, 839 F.2d 1075, 1084 (5th Cir. 1984). In fact, there is a lack of consensus amongst

The defendant counters that an hourly rate of $175.00 is reasonable and suggests a fee award of $4,165.00. They also suggest that this quantum is consistent with the findings by other Sections of Court awarding fees pursuant to the EAJA. See Kolb v. Colvin, No. 13-5085, 2016 WL 258621 (E.D. La. Jan. 21, 2016); Wigginton v. SSA, No. 15-6694, 2017 WL 3065110 (E.D. La. Jul. 19, 2017). The Court agrees. The prerequisites of the EAJA are met on this record; an hourly rate of $175.00 for 23.8 hours of work is reasonable and appropriate.[3]

Additionally, the plaintiff seeks to recover the $400.00 paid to file this lawsuit. The defendant correctly notes that filing fees are not awarded procedurally under the EAJA, rather, they are awarded under 28 U.S.C. § 1920. There seems to be no dispute that this $400.00 fee is recoverable, but the plaintiff fails to adequately support this request; he offers no explanation as to

---

district courts involving cost-of-living increases given in social security cases. Id. A court will award an adjustment if they are persuaded by convincing evidence: (1) that the number of competent lawyers who will handle social security disability cases is so limited that individuals who have possibly valid claims are unable reasonably to secure representation, and (2) that by increasing the fee, the availability of lawyers for these cases will actually be increased." Id. at 1085. The plaintiff has failed to convince the Court that a cost-of-living increase is necessary pursuant to these factors.

[3] As the defendant correctly notes, the EAJA fee award is payable to the prevailing litigant, not the attorney, see Astrue v. Ratliff, 560 U.S. 586, 591-93 (2010), but the fee award may properly be mailed to plaintiff's counsel.

the appropriate procedural vehicle to recover it. Therefore, the Court will deny this request for the $400.00 filing fee.

Accordingly, the plaintiff's motion for attorney's fees and costs is GRANTED in part (insofar as the plaintiff is entitled to attorney's fee, but at an hourly rate of $175.00) and DENIED in part without prejudice (as to the $400.00 filing fee). The plaintiff shall be awarded $4,165.00.

New Orleans, Louisiana, July 23, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE